## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA  :
                                :
   *versus*                 :   CRIMINAL NO. 14-146-BAJ-SCR
                                :
BRIAN CAVALIER  :

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Brian Cavalier ("the defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

### A.  THE DEFENDANT'S OBLIGATIONS

**1.  Guilty Pleas**

The defendant agrees to enter pleas of guilty to Counts 1 and 2 of an Indictment, each charging him with Making Threats By Mail in violation of 18 U.S.C. § 844(e).

**2.  Financial Information**

The defendant agrees to fully and truthfully complete the financial statement provided to him by the United States and to return the financial statement to the United States within ten days of this agreement being filed with the Court.  Further, the defendant agrees to provide the United States with any information or documentation in his possession regarding his financial affairs and to submit to a debtor's examination upon request.  Any financial information provided by the defendant may be used by the United States to collect any

financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

B.    **UNITED STATES' OBLIGATIONS**

    1.    **Non-prosecution/Dismissal of Charges**

    The United States agrees that, if the Court accepts the defendant's guilty pleas, it will not prosecute the defendant for any offense related to the offenses charged in the Indictment.

    2.    **Motion for Third Point for Acceptance of Responsibility**

    The United States acknowledges that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of his intention to enter pleas of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.  The United States therefore agrees that, if the Court finds that the defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), the defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease the defendant's offense level by one additional level.  The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement, including information that the defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

C.    **SENTENCING**

1.    **Maximum Statutory Penalties**

The maximum possible penalty on each of Counts 1 and 2 is a term of imprisonment of 10 years, a fine of up to $250,000, and a term of supervised release of 3 years.

In addition to the above, the Court must impose a special assessment of $100, per count, which is due at the time of sentencing. The Court may also order restitution.

Thus, the defendant faces a total maximum possible penalty of a term of imprisonment of 20 years, a fine of up to $500,000, restitution, a term of supervised release of 3 years and special assessments totaling $200.

2.    **Supervised Release**

Supervised release is a period following release from imprisonment during which the defendant's conduct is monitored by the Court and the United States Probation Office and during which the defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to two years, without credit for any time already served on the term of supervised release.

3.    **Sentencing Guidelines**

The Court will determine in its sole discretion what the defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose

any sentence up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

### 4.    No Agreement Regarding Sentencing

Except as set forth in this agreement, the United States makes no promises, representations, or agreements regarding sentencing. In particular, the United States reserves the right to present any evidence and information, and to make any argument, to the Court and the United States Probation Office regarding sentencing.

## D.    FACTUAL BASIS

The United States and the defendant stipulate to the following facts:

On or about November 1, 2013, in the Middle District of Louisiana, the defendant, using the mail, maliciously conveyed false information knowing the same to be false, concerning an alleged attempt to injure and intimidate and to unlawfully damage and destroy a building by means of an explosive. Specifically, the defendant caused a letter to be mailed to the United States District Court for the Middle District of Louisiana, in Baton Rouge, Louisiana, that falsely represented that a bomb had been planted in the federal courthouse and that the bomb was set to detonate within twenty-four (24) hours. The defendant had also placed a small amount of a white powdery substance inside the letter's envelope, and the letter falsely stated that anyone who inhaled the powder would die a "painful death" within 24 hours. The letter also falsely stated that there were "shooters" outside the federal courthouse and that anyone who attempted to exit the courthouse would be "shot to death." The defendant knew that his threats were false and acted maliciously. The letter caused an evacuation of the courthouse, however, and emergency responses by several federal, state, and local law enforcement agencies.

The defendant was in state custody in the Avoyelles Detention Center, in Cottonport, Louisiana, at the time. Within a short time of the letter's receipt at the federal courthouse, agents met the defendant and interviewed him from the jail. In the interview, the defendant admitted sending the letter. He told agents that he was "mad" at the federal government because of something that he believed had happened in Atlanta, Georgia.

Approximately one month later, on or about December 2, 2013, the defendant mailed a similar letter to the 19th Judicial District Court in Baton

Rouge, Louisiana. This letter also maliciously conveyed false information, which the defendant knew to be false. In the second letter, the defendant falsely represented that bombs had been planted in the courthouse and that the bombs would detonate within two (2) hours. Specifically, the defendant wrote that there were three bombs planted within the courthouse and that they would blow up and kill everyone inside. The defendant also falsely represented that there were armed men with "high power guns" watching the building and that they would kill people inside the building, too. This second letter also contained a small amount of white powder, wrapped in plastic, which caused a similar evacuation.

The defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and the defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and the defendant further agree that such facts are sufficient to support conviction of the offenses to which the defendant has agreed to plead guilty. The defendant understands that, by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

## E.    BREACH AND ITS CONSEQUENCES

### 1.    Conduct Constituting Breach

Any of the following actions by the defendant constitutes a material breach of this agreement:

a.    failing to plead guilty to Counts 1 and 2 of the Indictment at re-arraignment;

b.    representing, directly or through counsel, to the United States or the Court that he will not plead guilty to Counts 1 and 2 of the Indictment;

c.      moving to withdraw his guilty pleas;

d.      filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

e.      disputing or denying guilt of the offenses to which the defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

f.      providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

g.      violating the terms of this agreement in any other manner.

## 2.    Consequences of Breach

In the event of a breach by the defendant, the United States is relieved of its obligations under the agreement. In particular, the United States may prosecute the defendant for any criminal offense. In addition, any statements and information provided by the defendant pursuant to this agreement or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty pleas), and statements made in the course of plea discussions. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any

statements made by him personally (but not as to statements made by his counsel). The defendant is not entitled to withdraw his guilty pleas.

### 3. Procedure for Establishing Breach

The United States will provide written notice to the defendant or his attorney if it intends to be relieved of its obligations under the agreement as a result of a breach by the defendant. After providing such notice, the United States may institute or proceed with any charges against the defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using statements and information provided by the defendant or any act of producing documents or items by the defendant pursuant to this agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing the defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of the defendant, (2) any and all statements of his counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that the defendant will not plead guilty.

## F. WAIVERS BY THE DEFENDANT

### 1. Waiver of Trial Rights

By pleading guilty, the defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, the defendant would have the trial rights to be represented by counsel, to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the

attendance of witnesses, and to have the jury instructed that the defendant is presumed innocent and the burden is on the United States to prove the defendant's guilt beyond a reasonable doubt.  By waiving his right to a trial and pleading guilty, the defendant is waiving these trial rights.

2.    **Waiver of Appeal and Collateral Remedies**

Except as otherwise provided in this section, the defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2).  This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation.  The defendant, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guidelines range calculated by the Court.  Notwithstanding this waiver of appeal and collateral remedies, the defendant may bring any claim of ineffectiveness of counsel.

3.    **Waiver of Statute of Limitations**

The defendant hereby waives all defenses based on the applicable statutes of limitation as to all offenses charged in the Indictment including those that the United States has agreed to dismiss in Section B(1) and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. The defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

4.    **Waiver of Speedy Trial Rights**

The defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to all offenses charged in the Indictment including those that the United States has agreed to dismiss in Section B(1). The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

## G.    EFFECT OF AGREEMENT

### 1.    Effective Date

This agreement is not binding on any party until signed by the defendant, defendant's counsel, and an attorney for the United States.  Once signed by the defendant, his counsel, and an attorney for the United States, the agreement is binding on the defendant and the United States.

### 2.    Effect on Other Agreements

This agreement supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

### 3.    Effect on Other Authorities

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

### 4.    Effect of Rejection by Court

Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement. If the Court rejects the plea agreement, the plea agreement is no longer binding on the parties and is not binding on the Court.  If the Court rejects the plea agreement, the defendant will be given the opportunity to withdraw his pleas and such withdrawal will not constitute a breach of the agreement.  If the defendant does not withdraw his pleas following rejection of the plea agreement, the disposition of the case may be less favorable to the defendant than contemplated by the plea agreement.

## H.    REPRESENTATIONS AND SIGNATURES

### 1.    By The Defendant

I, Brian Cavalier, have read this plea agreement and have discussed it with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorney (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Indictment and have discussed it with my attorney. I fully understand the nature of the charges.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of Counts 1 and 2 of the Indictment.

I am satisfied with the legal services provided by my attorney and have no objection to the legal representation I have received.

BRian CAVAller             DATE: 3-16-2016
Brian Cavalier
Defendant

Brian Cavalier  Page 11   March 10, 2016

2.    **By Defense Counsel**

I have read this plea agreement and have discussed it with my client, Brian Cavalier, who is the defendant in this matter. I am satisfied that the defendant understands the agreement and is entering into it knowingly and voluntarily. The agreement accurately and completely sets forth the entire agreement between the defendant and the United States.

_____                    DATE: 3-16-2016
J. David Bourland
Counsel for Defendant

3.    **By the United States**

We accept and agree to this plea agreement on behalf of the United States. The agreement accurately and completely sets forth the entire agreement between the defendant and the United States.

_____                    DATE: 10 Mar 16
J. Walter Green
United States Attorney
Middle District of Louisiana

_____                    DATE: 3/16/16
Alan A. Stevens
Assistant United States Attorney